NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3235

LUCILE M. JOHNSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: November 8, 2006

_____

Before NEWMAN, DYK, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Lucile M. Johnson petitions for review of the final order of the Merit

Systems Protection Board ("Board"), affirming the decision of the Office of Personnel

Management ("OPM") denying Ms. Johnson's application for survivor benefits under the

Civil Service Retirement System ("CSRS").  We affirm.

BACKGROUND

Ms. Johnson divorced Rufus G. Johnson, Jr., by judgment of a Maryland court on

March 18, 1985.  At the time of the divorce, Mr. Johnson worked for the federal

government. The judgment of divorce incorporated the terms of a Marital Settlement Agreement, which provided that Ms. Johnson would receive a specified portion of "any pension and/or social security payment received by the husband at the time of his retirement." The Marital Settlement Agreement did not refer to survivor benefits.

Mr. Johnson retired from federal service on January 3, 1988, and died on February 26, 2005. Ms. Johnson applied to OPM for survivor benefits by an application dated April 17, 2005. In its reconsideration decision on September 8, 2005, OPM determined that Ms. Johnson was not entitled to survivor benefits.

Ms. Johnson appealed to the Board. Although Ms. Johnson initially requested a hearing, the record indicates that she later withdrew her request. Consequently, the administrative judge made his decision based on the parties' written submissions. The administrative judge held that Ms. Johnson had not proved her entitlement to survivor benefits and affirmed the decision of OPM. Johnson v. Office of Pers. Mgmt., No. DC0831050783-I-1, slip op. at 3-5 (M.S.P.B. Dec. 6, 2005). Ms. Johnson petitioned for full board review of the administrative judge's initial decision. The Board denied the petition for review, making the administrative judge's initial decision the final decision of the Board. Johnson v. Office of Pers. Mgmt., No. DC0831050783-I-1, slip op. at 2 (M.S.P.B. Feb. 21, 2006). Ms. Johnson timely petitioned this court for review of the Board's final decision.

## DISCUSSION

This court has jurisdiction to review a final order or decision of the Board under 5 U.S.C. § 7703(b)(1). In reviewing the Board's decision, this court

> shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
>
> (3) unsupported by substantial evidence . . . .

5 U.S.C. § 7703(c) (2000).

Ms. Johnson first argues that the Board erred in its application of the Civil Service Spouse Equity Act of 1984, Pub. L. No. 98-615, 98 Stat. 3195 (codified as amended in scattered sections of 5 U.S.C.) ("Spouse Equity Act"). We hold that the Board did not err in affirming OPM's denial of survivor annuity benefits under the Spouse Equity Act.

Before the enactment of the Spouse Equity Act, a former spouse of a government employee had no right to survivor annuity benefits and the employee could not give these benefits to a former spouse. See Vallee v. Office of Pers. Mgmt., 58 F.3d 613, 614-15 (Fed. Cir. 1995). The Spouse Equity Act, which became effective on May 7, 1985, changed the law and provides that a former spouse is entitled to a survivor annuity "if and to the extent expressly provided for in an election under section 8339(j)(3) of [5 U.S.C.], or in the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree." 5 U.S.C. § 8341(h)(1) (2000). Put simply, a former spouse is entitled to survivor benefits under this provision of the Spouse Equity Act in two situations: (1) if the employee elects to provide survivor benefits to the former spouse; or (2) if the former spouse is given survivor benefits in the divorce settlement agreement.

In the first situation, where the employee elects to provide survivor benefits to a former spouse, the employee's election must be made "at the time of retirement or, if

later, within 2 years after the date on which the marriage of the former spouse to the employee . . . is dissolved." 5 U.S.C. § 8339(j)(3) (2000). In his initial decision, the administrative judge examined the record and found that Mr. and Ms. Johnson divorced in 1985 and that at the time of Mr. Johnson's retirement in 1988, Mr. Johnson elected an annuity payable only during his lifetime. This finding was supported by substantial evidence.

In the second situation, where a former spouse seeks survivor benefits pursuant to a divorce settlement agreement, the effective date of the Spouse Equity Act is implemented by an OPM regulation, which states that "[a] court order awarding a former spouse survivor annuity under CSRS is not a court order acceptable for processing unless the marriage terminated on or after May 7, 1985." 5 C.F.R. § 838.802(a) (2005). In this case, the administrative judge held that not only was Ms. Johnson not given any survivor benefits under the Marital Settlement Agreement, but that Ms. Johnson was not even eligible for such benefits since her marriage to Mr. Johnson ended on March 18, 1985, nearly two months before the effective date of the Spouse Equity Act. Accordingly, the administrative judge held that Ms. Johnson was not entitled to survivor annuity benefits under 5 U.S.C. § 8341(h)(1) because her marriage to Mr. Johnson terminated before the effective date of the Spouse Equity Act, and because Mr. Johnson did not at the time of his retirement in 1988 elect to provide survivor annuity benefits to Ms. Johnson. The administrative judge did not err in his application of 5 U.S.C. § 8341(h)(1) to the facts of this case.

The administrative judge also held that Ms. Johnson was not entitled to survivor benefits under another portion of the Spouse Equity Act, implemented by 5 C.F.R.

§ 831.683. This regulation provides survivor benefits to certain former spouses of employees who either retired or died before May 7, 1985. 5 C.F.R. § 831.683 (2005). Mr. Johnson, however, retired in 1988 and died in 2005. Accordingly, the administrative judge properly held that Ms. Johnson was not entitled to survivor benefits under 5 C.F.R. § 831.683.

Nevertheless, Ms. Johnson argues that the administrative judge erred when he failed to take into account a number of alleged facts: (1) Mr. Johnson was suffering from dementia; (2) Ms. Johnson tried to contact OPM while Mr. Johnson was alive and no one at that office would speak with her; and (3) the denial of survivor annuity benefits would have a negative financial impact on her. But Ms. Johnson can only receive survivor annuity benefits from the government to the extent provided by law. And these facts, even if true, do not alter the conclusion that she is not entitled to survivor benefits.

Ms. Johnson also appears to argue that she and Mr. Johnson intended that she would receive annuity benefits for her life and that her understanding was that the benefits she received while Mr. Johnson was alive were her retirement benefits. But the payments that Ms. Johnson was receiving prior to Mr. Johnson's death were not her retirement benefits. Instead, these payments were the specified portion of Mr. Johnson's pension that was given to her by the terms of the Marital Settlement Agreement. By law, her portion of Mr. Johnson's pension stopped accruing the last day of the first month before Mr. Johnson's death. 5 C.F.R. 838.233(d) (2005). The only annuity benefits Ms. Johnson could have received after Mr. Johnson's death would have been survivor benefits, which, as explained above, she is not entitled to.

Finally, Ms. Johnson argues that she was not given a hearing before the Board so that she could have spoken on her own behalf. It appears from the record, however, that Ms. Johnson withdrew her request for a hearing before the administrative judge and consented to have her appeal decided by the administrative judge on the basis of her written submissions. With respect to her petition for full board review, Ms. Johnson contends that she "did not know when the 3 judge hearing was heard." But because her petition for full board review was denied based on the written record in this case, no further hearings were held by the Board.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

No costs.